UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v                                                1:15-CR-064
                                                        (RFT)

OMAR D. PALIN,
                Defendant.
_____

RANDOLPH F. TREECE,
United States Magistrate Judge

## DETENTION ORDER

The Grand Jury returned a one Count Indictment against Plain accusing him of Distribution of a Controlled Substance (heroin) in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). On April 14, 2015, Palin was arraigned on the Indictment. He also exercised his right to a detention/bail hearing.

At the conclusion of the detention hearing, based upon the Government's request and findings of this Court, Palin was detained. This Court found Palin to be a danger to the community and a serious risk of flight and that he failed to overcome the rebuttable presumption. The reasons for the detention are set forth hereinbelow.

The Indictment alleges that on or about September 10, 2014, Palin knowingly and intentionally distributed heroin in Schenectady County. The weight of the drug is not revealed in the Indictment nor was it disclosed during the Arraignment.

Palin is forty-two (42) years of age and for the past decade he has been living

in Schenectady, New York. He is not married but has two children. At the time of his arrest, he claims that he lived with Charity Mims, who likewise was indicted on a drug sale. It was reported to Pretrial Services that he lives with Mims occasionally. Otherwise, family member do not know what his actual address may be. Palin has a GED and for the past eighteen months he was working for temporary employment agency, although he had not worked in the last two weeks. During an interview with Pretrial Services, Palin admitted that he smoked marijuana daily and consumed approximately eight beer each day.

Palin has a chronic criminal history dating from 1990, when he was seventeen, to the present. In 1990, he pled guilty to Robbery in the Second Degree, a Class C Felony. At the same time, he pled guilty to Attempted Criminal Possession of a Controlled Substance. In 1993, Palin pled guilty to Criminal Possession of a Controlled Substance, a Class B Felony, and Robbery in the First Degree, a Class B Felony, receiving a sentence of six to twelve years in prison. Upon his release from prison, he was convicted of two misdemeanors of Criminal Possession of a Controlled substance and sentenced to a year in jail. In 2010, Palin pled guilty to Criminal Possession of a Controlled Substance, a misdemeanor, and was sentenced to a year in jail. On October 3, 2013, Palin pled guilty to Petty Larceny and was sentenced to time serve. On April 8, 2015, Palin was charged with Criminal Possession of a Controlled Substance with the Intent to Sell, a Class B Felony.

During the Hearing, the Government proffered that Palin had a long criminal history replete with both drug and violent crime convictions, did not have a stable residence, had a significant alcohol and drug problem, and was engaged in street-level distribution of heroin.  The Government argued that Palin was a danger to the community and a serious risk of flight.  The Government also proffered that Palin was the subject of several bench warrants.  No explanation was proffered as to these bench warrants.

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. §§ 3141 *et seq.,* empowers a court to order a defendant's detention pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e).  Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'"  *United States v. Berrios-Berrios,* 791 F.2d 246, 250 (2d Cir. 1986), *cert. dismissed,* 479 U.S. 978 (1986).  Under the Act the bail inquiry is focused upon two highly relevant issues:  1) whether the defendant is likely to flee the jurisdiction, if released; and 2) whether the defendant presents a risk of danger to the community if released, either conditionally or otherwise.  *See id.; see also* 18 U.S.C. § 3142(e).

Detention may be ordered only following a hearing.  18 U.S.C. §§ 3142(e), (f).

The Government's right to a detention hearing exists in certain specifically enumerated circumstances, including when 1) the case involves a crime of violence; 2) the case involves an offense punishable by life imprisonment or death; 3) the crime charged is a drug related offense with a maximum term of imprisonment of ten years or more; 4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses (*i.e.,* crimes of violence, punishable by up to life imprisonment or death, or drug related offenses punishable by incarceration of at least ten years); 5) the case involves a *serious* risk of flight; or 6) the case involves a *serious* risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror.  18 U.S.C. § 3142(f) (emphasis added); *see also United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).  Dangerousness alone, in the absence of serious risk of flight, serious danger of obstruction of justice or intimidation of witnesses, or charges involving one of the specifically enumerated offenses, does not provide a basis for detention.  *Friedman,* 837 F.2d at 49.  But the element of dangerousness can contribute to the analysis of risk of flight.

Because of the nature of the offense, Palin faces a maximum of twenty years in prison.  The gravity of the sentencing guidelines will be affected by the weight of the drugs that may have been sold.  There is a reasonable basis for a detention hearing.  18 U.S.C. § 3142(f)(1)(A).

When detention is based wholly or in part on a determination of dangerousness,

such finding must be supported by clear and convincing evidence. *United States v. Ferranti,* 66 F.3d 540, 542 (2d Cir. 1995); *United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Agnello,* 101 F. Supp.2d 108, 110 (E.D.N.Y. 2000) (citing, *inter alia, Rodriguez*); *see also* 18 U.S.C. § 3142(f). Moreover, where, as in this case, there is an offense falling under 18 U.S.C. § 3142(f)(1), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or any of its members. 18 U.S.C. § 3142(e). Because of the nature of the charge against Palin, the Court finds a presumption in favor of detention.

The Pretrial Services Report requests that Palin be detained as both a risk of flight and a danger to the community. The Court concurs with that recommendation.

The facts as stated above, buttressed by the rebuttable presumption, sufficiently meet the burden of clear and convincing evidence that Palin poses a danger to the community or to others and should be detained.

Establishing that he is a danger to the community further establishes for this Court that he is a risk of flight as well. Palin now realizes that he is facing a possible sentence of twenty years; considering his character, the gravity of the sentence is a strong incentive for Palin to flee to avoid prosecution. There are no indicia that Palin, weighing his current track record, is a trustworthy person who would abide by any and all conditions of release this Court could set. His employment has been sporadic, and he has no appreciable assets to lend us any security to believe that he will appear when

required  There are more than enough incentives for him to flee this jurisdiction.

Palin has not presented enough reasons to assuage the Court from its determination that he is a danger to the Community.  Under the circumstances presented to this Court, there is no condition or combination of conditions which would assure Palin's appearance each and every time required in the prosecution of this case and minimize any danger to the community or others.  Accordingly, it is hereby ordered that Palin is committed to the custody of the United States Marshal.

SO ORDERED.

Albany, New York
April 16, 2015

_____
RANDOLPH F. TREECE
United States Magistrate Judge