IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:15-CR-64 (GLS) |
| | ) | |
| v. | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **OMAR PALIN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Daniel DeMaria, Esq., the attorney for OMAR PALIN having moved for an additional continuance of 60 days within which the parties may complete discovery, file motions and prepare for trial in the above-captioned action and Richard S. Hartunian, United States Attorney for the Northern District of New York Elizabeth R. Rabe, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 60 period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

   a) Date of initial appearance or arraignment: April 14, 2015

   b) Date of indictment: March 4, 2015

   c) Defendant custody status: Remanded

      i) Date United States moved for detention: April 14, 2015

      ii) Date of detention hearing: April 14, 2015

      iii) Date detention decision issued: April 14, 2015

2) The Court previously ordered the following exclusions under the Speedy Trial Act:

   a) Order dated May 12, 2015 excluded the period between and including May 12, 2015 through July 11, 2015.

    b)    Order dated June 22, 2015 excluded the period between and including June 22, 2015 through August 20, 2015.

    c)    Order dated July 27, 2015 excluded the period between and including July 27, 2015 through September 25, 2012.

3)    OMAR PALIN has requested the additional continuance based on the following facts and circumstances:

    a)    The defendant is charged with distribution of heroin. The defendant has retained new legal counsel. New legal counsel needs time to review the discovery which has been previously provided, including audio and video recordings. New legal counsel also wants to evaluate the complicated sentencing issues in this case, including whether the defendant qualifies as a career offender, and to determine whether motions need to be filed. Both parties believe that additional time will allow defense counsel and the defendant to complete their evaluation of the case and to determine whether a plea is appropriate. If the defendant decides to exercise his right to a trial, this additional time will allow defense counsel to prepare for trial.

4)    The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because it will allow the defense to review the government's evidence and determine whether the matter may be resolved prior to trial. The delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5)    The parties stipulate and agree that a period of 60 days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: September 8, 2015

RICHARD S. HARTUNIAN
United States Attorney

By: *Elizabeth R. Rabe*
Elizabeth R. Rabe
Assistant United States Attorney
Bar Roll No. 518823

*Daniel DeMaria*
Daniel DeMaria, Esq.
Attorney for OMAR PALIN
Bar Roll No. 518452

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:15-CR-64 (GLS) |
| | ) | |
| v. | ) | |
| | ) | |
| **OMAR PALIN,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

A.  The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because this delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A.  A period of _____ days, beginning on and including the date of this Order {or specific date} shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) in order to give the parties the reasonable time necessary for effective preparation.

B.      The deadline for the completion of discovery by the United States (otherwise due within 14 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by _____ days to _____. The deadline for the completion of reciprocal discovery by the Defendant (otherwise due within 21 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by _____ days to _____.

C.      Any pretrial motions in this case shall be filed on or before _____ and shall be made returnable on _____.

D.      The trial in this matter shall begin on _____ before United States District Judge Gary L. Sharpe in Albany, New York or, in the alternative, a change of plea shall be entered on or before _____.

IT IS SO ORDERED.

Dated and entered this _____ day of September, 2015.

                                                         Hon. Gary L. Sharpe
                                                         Chief United States District Judge